UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT WIGGINS, | Civil Action No. 11-5366 (AET) |
| Plaintiff, | |
| v. | MEMORANDUM & ORDER |
| CITY OF TRENTON, DET. MICHAEL SCHIARETTI, DET. SGT. MATTHEW PRZEMIENIECKI, TAC DET. FREDERICK BENDER, TAC DET. AARON BERNSTEIN, K-9 OFFICER LEOPARDI, AND JOHN DOE(S) 1 THROUGH 10, | |
| Defendants. | |

This matter comes before the Court upon Defendants' Motion for a Protective Order precluding production of certain Internal Affairs ("IA") files [dkt. no. 17]. Plaintiff Robert Wiggins ("Plaintiff") opposed the Motion [dkt. no. 18]. The Court has considered the submissions of the Parties pursuant to FED. R. CIV. P. 78 and, for the reasons set forth herein, Defendants' Motion is **DENIED**, in part.

I.

On September 26, 2009 members of the Trenton Police Department and the New Jersey State Police executed a search warrant ("the search warrant") at 52 ½ Tyrell Avenue in Trenton, New Jersey. Police arrested four occupants of the home at the time the warrant was served. Plaintiff was among those arrested.

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges the police officers subjected him to excessive force, malicious prosecution, and false arrest in violation of his Fourth and Fourteenth Amendment rights. See Pl.'s Compl. at ¶¶ 28-35. Plaintiff also alleges

a claim of municipal liability against the City of Trenton. See id. Plaintiff's allegations against the City of Trenton involve a multitude of issues regarding training, investigative procedures, complaints regarding misconduct, excessive force, discipline and monitoring, and the City's review of misconduct allegations. See id.

Plaintiff recently served discovery requests, including a request for the IA "jacket" of five police officers involved in his arrest: TAC Detective Michael Schiaretti, III ("Schiaretti"), TAC Detective Sergeant Darren Zappley ("Zappley"), TAC Detective Matthew Przemieniecki ("Przemieniecki"), TAC Detective Frederick Bender ("Bender"), and TAC Detective Aaron Bernstein ("Bernstein"). In response, Defendants produced a list of all IA complaints lodged against the named officers (collectively, approximately 140 complaints), as well as a brief factual summary of each complaint. At the time of production, Defendants' counsel also advised Plaintiff's counsel that if there were "any specific cases you would like to receive further documentation on, please advise." Pl.'s Oct. 25, 2012 Letter, dkt. no. 17-3. Plaintiff's counsel requested the complete IA files for 40 of the complaints listed in Defendants' production.

Defendants now object to the production of IA files based on the guidelines promulgated by the New Jersey Attorney General's office. Defendants also object to production of the IA files as overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.

**II.**

Of course, the scope of discovery in federal litigation is broad. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and information sought by the parties need not be admissible at trial if it is reasonably calculated to lead to admissible evidence. FED. R. CIV. P. 26(b)(1). While undoubtedly broad, the scope of

discovery, however, "is not boundless." Unicasa Mktg. Group, LLC v. Spinelli, 2007 WL 2363158, at *2 (D.N.J. Aug. 15, 2007).

Consistent with its obligations under FED. R. CIV. P. 26(b)(1), a court may nonetheless limit discovery of relevant information. See FED. R. CIV. P. 26(c)(1). Pursuant to Rule 26(c)(1), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the District Court. See Barnes Found. v. Twp. of Lower Merion, 1996 WL 653114, at *1 (E.D. Pa. Nov. 1, 1996). Importantly, "courts have construed this rule liberally, creating a broad vista for discovery." Takacs v. Union County, 2009 WL 3048471, at *1 (D.N.J. Sept. 23 2009) (citing Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J. 1981)); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Evans v. Employee Benefit Plan, 2006 WL 1644818, at *4 (D.N.J. Jun. 6, 2006). Thus, the relevancy standard is satisfied, and discovery requests should be granted, if there is any possibility that the information sought may be relevant to the general subject matter of the action. Oppenheimer, 437 U.S. 340, 351.

### III.

While the Court acknowledges the Attorney General Guidelines, the Guidelines are not, in and of themselves, dispositive. Instead, the Court must apply a balancing test to determine the admissibility of the discovery sought. See Torres v. Kuzniasz, 936 F. Supp. 1201, 1207-12 (D.N.J. 1996) (discussing balancing test where IA files are requested and objected to on account of privilege).[1]

---

[1] There is an open issue as to whether Defendants have raised a valid claim of privilege here. Because the Court concludes that Defendants' Motion would fail even if raised, this issue is

In this case, the Court believes the discovery sought is relevant. That is to say, the discovery sought is likely probative of the claims contained in Plaintiff's Complaint. Cf. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (discussing factors relevant to a municipal liability claim under Monell). The Court also believes the information sought is relevant to Plaintiff's claims against the individual officers.

In addition, the discovery is not unduly burdensome or overly broad. Plaintiff has requested information regarding only the officers involved in the alleged misconduct. Plaintiff has further narrowed his request to only those incidents that are probative of the issues at hand. Indeed, the vast majority of Plaintiff's claims relate to incidents involving either excessive force or improper arrest. Plaintiff's request, in the aggregate, accounts for less than one third of the total complaints referenced on Defendants' list.

Accordingly, Plaintiff's need for the IA files outweighs Defendants' interest in withholding the IA files. This conclusion is subject to one caveat. The IA files must be redacted for any confidential information including, but not limited to, social-security numbers, taxpayer-identification numbers, birth dates, the names of any individuals known to be a minor, financial-account numbers, or medical information. See Fed. R. Civ. P. 5.2. Moreover, Plaintiff's counsel must execute an appropriate confidentiality agreement limiting disclosure of the IA files to third parties prior to release of the IA files.

---

deemed moot. However, this point notwithstanding, the Court finds the analysis required by such a claim persuasive and turns to it for guidance.

### IV. CONCLUSION AND ORDER

The Court having considered the papers submitted and opposition thereto, and for the reasons set forth above;

**IT IS** on this 18th day of March, 2013**,**

**ORDERED** that Defendant's Motion for a Protective Order precluding production of certain Internal Affairs is **DENIED**, subject to the conditions discussed above.

**IT IS SO ORDERED.**

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
