NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Robert WIGGINS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TRENTON, et al.,<br><br>Defendants. | Civ. No. 11-5366<br><br>Opinion |

THOMPSON, U.S.D.J.

This matter comes before the Court on the motion of Defendants City of Trenton and others for partial summary judgment. (Doc. No. 23). The Court issues the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the motion is granted.

BACKGROUND

This case centers on the execution of a search warrant at 52 Tyrell Avenue, Trenton, New Jersey, the home of Jamie Mack Livingston.[1] (Doc. No. 1 at 5-7). As officers were approaching Livingston's home to execute the warrant, Livingston retreated into the home and braced the door. (*Id*. at 5; Doc. No. 23 at 4). The officers entered forcibly. (Doc. No. 1 at 6-7). The officers, who obtained a search warrant for the premises after noticing drug "activity" there, recovered a significant amount of drugs on the premises. (Doc. No. 23 at 2, 4, 6).

At the time of the raid, Plaintiff Robert Wiggins was at Livingston's home for a short social visit. (Doc. No. 1 at 5). The officers discovered Plaintiff in the back of the premises; they

---

[1] Livingston is not a party in this case.

1

also discovered a large quantity of drugs in that same area. (Doc. No. 23 at 6-11). The police arrested Plaintiff, but Plaintiff did not have any drugs on his person.[2] (Doc. 24 at 5). Plaintiff also contends that he could not see any drugs from his location in the room. (*Id.*).

After Plaintiff's arrest, Plaintiff was indicted by a grand jury for "drug-related offenses, resisting arrest, and obstruction of justice." (Doc. No. 1 at 9). Plaintiff contends that the indictment was largely due to the "fabricated" testimony of Detective Michael Schiaretti, III. (*Id.*). Charges against Plaintiff were dropped after Livingston admitted to possessing the drugs and submitted a signed affidavit stating that Plaintiff was not involved in drug manufacturing or distribution. (Doc. No. 23 at 13).

Defendants move for summary judgment with respect to Plaintiff's claims[3] of false imprisonment, false arrest, and malicious prosecution brought against the individual police officers (hereinafter, "the officers").[4]

## DISCUSSION

**1. Legal standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania,* 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material

---

[2] The officers allegedly engaged in forceful tactics, which are not the subject of this motion.

[3] Plaintiff withdrew all claims against the City of Trenton. (Doc. No. 24 at 7).

[4] Michael Shiaretti, Darren Zappley, Matthew Przemieniecki, Detective Bender, Detective Bernstein, K-9 Officer Leopardi, and John Does 1-10.

fact remains. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof [. . .] the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the moving party meets its threshold burden, the opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986); *see also* Fed.R.Civ.P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). The non-movant's burden is rigorous: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police,* 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg,* 594 F.3d 210, 227 (3d Cir.2010) (citations omitted) ("[S]peculation and conjecture may not defeat summary judgment."). "[U]nsupported allegations [. . .] and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.,* 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial.").

2.  Analysis

Plaintiff brings three claims pursuant to 42 U.S.C.A. § 1983 and under the New Jersey State Constitution[5] that are relevant to this motion: (1) false arrest; (2) false imprisonment; and (3) malicious prosecution.

---

[5] Both parties agree that the claims brought under 42 U.S.C.A. § 1983 and under the New Jersey State Constitution should be treated "no different than the other." (Doc. No. 23 at 17), *see also Simmons v. Loose*, 418 N.J. Super 206 (App. Div. 2011).

      a.   The Arrest: False Arrest and False Imprisonment

To bring a claim of false imprisonment and false arrest, a plaintiff must show that defendants lacked probable cause to make the arrest. *See Groman v. Township of Manalapan,* 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d. 136, 141 (3d Cir. 1988). Probable cause to arrest "exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey,* 71 F.3d 480, 483 (3d Cir. 1995). Probable cause demands more than "mere suspicion; however, it does not require [ . . .] evidence sufficient to prove guilt beyond a reasonable doubt." *Id.* at 482–83 (citing *United States v. Glasser,* 750 F.2d 1197, 1205 (3d. Cir. 1984)); *see Wilson v. Russo,* 212 F.3d 781, 789 (3d Cir. 2000) (probable cause requires only a "fair probability" that a person committed the relevant crime). The validity of the arrest is not dependent on whether the suspect actually committed the crime; rather, what matters is whether, when considering the totality of the circumstances at the time of the arrest, "the objective facts available to the officers [. . .] were sufficient to justify a reasonable belief that an offense was being committed." *Glasser,* 750 F.2d at 1206 (citing *Beck v. Ohio,* 379 U.S. 89, 96 (1964)).

Plaintiff argues that "none of the narcotics found by Detective Schiaretti were in an area where the Plaintiff could see them." (Doc. No. 24 at 5).[6] However, "the proper inquiry in a section 1983 claim based on false arrest [. . .] is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person

---

[6] An individual's mere proximity to drugs, presence on the property where drugs are located, or mere association with the person who controls the drugs or the property is insufficient alone to establish constructive possession. *United States v. Mainor*, 393 F. App'x 10, 18 (3d Cir. 2010); *United States v. Jenkins,* 90 F.3d 814, 818 (3d Cir. 1996) (citation omitted).

arrested had committed the offense." *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988). "Under some circumstances, presence in an apartment being used for regular drug distribution is a sufficient basis for probable cause to arrest for possession [. . .], because those permitted to be present at a location of frequent drug activity are less likely to be innocent visitors to the private space." *Williams v. Atl. City Dep't of Police*, 2010 WL 2265215 (D.N.J. June 2, 2010); *see also United States v. Pace*, 898 F.2d 1218, 1240 (7th Cir. 1990) (finding probable cause to arrest bystander when "the police found ten kilograms of cocaine in a private dwelling [that was closed to] the public"); *United States v. Traylor*, 396 F. App'x 725, 727 (2d Cir. 2010) ("Just as 'presence under a particular set of circumstances' evidencing constructive possession may support a conviction, the circumstances of a defendant's presence may satisfy the less demanding standard of probable cause."). Here, officers had observed several prior drug transactions at the location, the homeowner had attempted to prevent entry to the home, a large amount of drugs were found in the small location, and the location was private. (Doc. No. 23 at 6-11). Viewing the facts in the light most favorable to Plaintiff, no reasonable jury could find in Plaintiff's favor.

Next, Plaintiff alleges that the police lacked probable cause to hold Plaintiff because Detective Schiaretti failed to mention in his Affidavit of Probable Cause that Plaintiff could not see the drugs. (Doc. No. 24 at 4). "[A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Toribio v.*

5

*Spece*, 2014 WL 661341 (3d Cir. Feb. 21, 2014) (citing *Wilson v. Russo,* 212 F.3d 781, 787 (3d Cir. 2000)).

First, since false statements or omissions must be "material, or necessary" to the finding of probable cause and probable cause exists even if Plaintiff could not see the drugs, this claim fails for the reasons set forth above. *See Wilson*, 212 F.3d at 782 (summary judgment is appropriate if no reasonable jury would find that the withheld information "dispelled probable cause"). Second, Plaintiff also fails to set forth adequate evidence upon which a jury could find that Plaintiff was unable to see the drugs and drug paraphernalia. In his brief, Plaintiff merely references the "testimony of the Plaintiff and Ronald McCray" but does not provide any concrete or specific citation to the record which would support a finding in Plaintiff's favor. *See* Doc. No. 24 at 5; Fed. R. Civ. P. 56 (c)(1)(a) ("a party asserting that a fact cannot be or is genuinely in dispute must support the assertion by [] citing to particular parts of materials in the record"). Even though Defendants offer documents which show that cocaine and a cocaine-covered digital scale were discovered in the open and near Plaintiff's location, Plaintiff fails to point to any particular facts in the record upon which a reasonable jury could rely to find that these items were not visible. *See also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for the purposes of ruling on a motion for summary judgment.").

Finally, while Plaintiff argues that Detective Schiaretti was incorrect when filling out his affidavit, Plaintiff fails to show how the statements made were knowingly and deliberately false or made with "reckless disregard for truth." *See Reedy v. Evanson*, 615 F.3d 197, 213 (3d Cir. 2010) ("Assertions are made with reckless disregard when, viewing all the evidence, the affiant

must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported."). Accordingly, Plaintiff's claim for false arrest fails.

          b. <u>Institution of Criminal Proceedings: False Imprisonment and Malicious Prosecution</u>

To prove malicious prosecution, a plaintiff must show the following:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

Here, Plaintiff was charged with, and indicted by a grand jury for, drug possession resisting arrest, and obstruction of justice. (Doc. No. 1 at 9). The Prosecutor's Office dismissed the charges when Livingston claimed responsibility for the drugs. (Doc. No. 23 at 13). Therefore, Plaintiff need only show sufficient evidence that the officers lacked probable cause and acted with malice or for a purpose other than bringing Plaintiff to justice to satisfy the remaining elements of malicious prosecution. *Estate of Smith*, 318 F.3d at 521.

With respect to probable cause, Plaintiff argues that "[i]f the jury in this case gives credence to the testimony of [] Plaintiff and [another witness], then none of the narcotics found [. . .] were in the area where the Plaintiff could see them." (Doc. No. 24 at 5). If Plaintiff could not see the drugs, Plaintiff argues, then Detective Schiaretti "made blatant omissions of material facts in his Affidavit of Probable cause for the arrest of Plaintiff." (*Id*.). For the reasons set forth above, Plaintiff cannot show a lack of probable cause to arrest or indict.

Plaintiff also points to no evidence which would support a finding that the officers acted maliciously or for a purpose other than bringing Plaintiff to justice. Furthermore, Defendants released Plaintiff and dropped the charges after Livingston confessed. Accordingly, the claims for false imprisonment and malicious prosecution are dismissed.

### c. Qualified Immunity

Defendants also claim that, even if they lacked probable cause to arrest, detain, and charge Plaintiff, each officer is entitled to qualified immunity with respect to the above claims because a reasonable officer could have believed probable cause existed. The Court agrees and finds that, even if Defendants were not entitled to summary judgment by virtue of the above arguments, each defendant is entitled to summary judgment with respect to qualified immunity.

"Government officials exercising discretionary functions have qualified immunity from suits seeking damages under § 1983 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Donahue v. Gavin*, 280 F.3d 371, 377 (3d Cir. 2002)(citations omitted). "When assessing qualified immunity, the Court [] normally addresses the question of whether a constitutional violation has been stated, and then ask[s] whether the officer [is] entitled to immunity based on what a reasonable officer could have believed." *Williams v. Atl. City Dep't of Police*, 2010 WL 2265215 (D.N.J. June 2, 2010).

Viewing the facts in the light most favorable to Plaintiff and for the reasons stated above, a reasonable officer could have believed he had probable cause to arrest Plaintiff. *Williams*, 2010 WL 2265215 at *6 ("A reasonable officer could have concluded he had probable cause to arrest Plaintiff based on his presence in an apartment, in which he executed a search warrant and found drugs and other contraband, and which it appears was the location of frequent drug sales.

8

That is all that is needed for qualified immunity."). Similarly, viewing the facts in the light most favorable to Plaintiff, a reasonable officer could have believed there was probable cause to institute proceedings and hold Plaintiff until Livingston provided evidence that Plaintiff was not involved. Accordingly, the officers are entitled to qualified immunity with respect to the claims discussed here.

## CONCLUSION

For the reasons stated herein, the motion for partial summary judgment is granted.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
